# FASH *a.* BYRNES.

*New York Superior Court; Special Term, February,* 1862.

## NEW TRIAL.—IRREGULARITIES OF JURORS.

The mere fact that a juror attempts to communicate the verdict to the party in whose favor it is rendered, before it is announced in court, is not sufficient ground for setting the verdict aside.

Motion to set aside a verdict.

The facts are fully stated in the opinion.

*John H. McCunn,* for the motion, cited Orcutt *a.* Carpenter (1 *Tyler,* 250).

*Nelson Smith,* opposed, cited 2 *Grah. & Wat. New Trials,* 593; Conro *a.* Robie (12 *Pick.*), 516.

WHITE, J.—This action was tried before a jury at the last November term of this court, and a verdict was rendered for the plaintiff, upon which verdict a judgment has been entered, and an appeal taken to the general term of this court.

A motion is now made to set aside the verdict, upon the ground of alleged misconduct on the part of one of the jurors and of the plaintiff.

The defendant and two other persons, who were present at the trial, make affidavits, in each of which the charge of misconduct is stated in these words: "After the case was tried, and the jury therein had retired to their room, before their names had been called, and before they had delivered their verdict, one of the jurors, the third from the foremost, went stealthily to the plaintiff, and handed him a slip of paper, about one and a half inches in width and of the same length, and whispered into plaintiff's ear; plaintiff's countenance thereupon changed to a scarlet; and putting his hand into his pocket, and taking therefrom something, slipped the same into the hands of the

said juror. This occurred before the verdict was rendered, and deponent believes that said plaintiff had corrupted said juror."

The plaintiff, in an affidavit which is corroborated by the affidavit of his counsel who tried the cause and was present at the occurrence related in the defendant's affidavit, states the transaction as follows:

"When the jury, after the cause had been submitted to them, came into court to render their verdict, deponent (the plaintiff) was sitting immediately in front of the jury, between the table for counsel and the jurors' seats; as they came in one of the jurors handed deponent a little slip of paper with some figures on it; deponent immediately, without looking at it, handed the same to deponent's counsel, who looked at it and immediately handed it back to deponent, and told deponent to give it back to the juror from whom deponent received it, that it was the amount of the verdict, and that the juror had probably made a mistake in handing the said slip of paper to deponent instead of the clerk; deponent immediately handed the said slip of paper back to the juror, and told him he had better hand it to the clerk. Deponent did not know, and was not in any way acquainted with either of the jurors who formed the panel before whom said cause was tried; he did not, and does not know their names or either of them; he had not before, and has not since said trial spoken to either of said jurors, and has never had any conversation by word of mouth or otherwise in any way whatever with either of said jurors, except to tell said juror, who handed deponent said paper, to hand it to the clerk as aforesaid; deponent did not put his hand into his pocket after receiving said paper, before handing the same back as directed by his counsel; deponent did not know, and does not yet know what was on said paper, except that deponent's counsel at the time told deponent it was probably the amount of their verdict; deponent did not put into said juror's hand or give to him any thing except said paper; deponent has never in any way or manner, directly or indirectly, given to either of said jurors who composed said panel any thing whatever except to hand back said paper as aforesaid, and has never in any way corrupted either of said jurors, or said or done any thing in any way whatever to influence their verdict, except as a witness on the trial of said case in open court (the plaintiff was examined as a wit-

ness on the trial). Deponent's countenance did not change to scarlet; deponent did not understand what said paper meant when it was handed to him, and handed it to his counsel at the same time to know, when his counsel instantly told deponent to hand it back as aforesaid."

The foregoing presents the whole statement on both sides, which I have given at length in the language of the affidavits, so as to exhibit the allegations more fully and accurately. They present, when taken together, no ground for setting aside the verdict. The suspicion of corrupt communication between the plaintiff and the juror, suggested by the defendant's affidavit, is entirely dissipated by the explanatory deposition of the plaintiff and his counsel. The conduct of the juror in handing to the plaintiff a slip of paper mentioned in the affidavit was undoubtedly improper and deserving reproof, as no infringement should be tolerated of the rule that prohibits jurors from intercourse or communication with the parties litigant before them, except in the manner prescribed by the law and the practice of the court. But it is not every impropriety or irregularity of that kind that should be held to vitiate a verdict, or deprive an innocent party to the action of the benefit of it. To produce that effect the act complained of must be something affecting the impartiality, regularity, and purity of the verdict itself; and the impropriety that happened in this case, occurring in open court, without complicity on the part of the plaintiff, after the jurors had agreed upon their verdict, and had returned to their places in the court-room to announce it, cannot be regarded as an irregularity of so serious a character as to justify the consequences demanded by the defendant.

In support of this motion, the defendant has cited the case of Orcutt *a.* Carpenter (1 *Tyler Vt.*, 250), in which a verdict was set aside because a juror, after the jury who were to deliver a sealed verdict had sealed it, but had not yet delivered it, intimated, in a conversation with some stranger outside, the nature of the verdict. The court, in that case, set aside the verdict upon the ground that the facts proved showed misconduct of the juror, of so grave a character, under the laws of that State, as to impeach his moral capacity and fitness to act as a juror in that cause, the disclosure of the verdict being a violation of the oath then administered to jurors in civil cases in the State of

Vermont, which oath, it appears, from the report of the case, contained the following clause :

" Your own counsel, and that of your fellows, you will duly observe and keep ; you will say nothing to any person of the business and matters you have in charge, but to your fellow-jurors ; nor will you suffer any one to speak to you about the same but in court ; and when you have agreed on your verdict, you will keep it secret until you deliver it in court."

Whatever wisdom there may be in prescribing such an oath as the above for jurors in civil cases, there is no such oath in use in the civil courts of this State ; the only form administered being—" You will well and truly try the several causes in which you may be impanelled, at the present term of this court, and true verdicts render, according to the evidence."

In the .present case the juror may, undoubtedly, be considered as having disclosed the verdict before it was delivered ; and if the decision in 1 *Tyler* could have application to the forms of jury trials as they exist in the courts of this State, I should grant the defendant's motion ; but as that decision was based upon grounds that do not exist, and cannot be considered here, I must disregard it, and for the reasons I have already stated deny the motion.